IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Virginia Marie Carlson, | |
| Plaintiff, | Court File No.: 0:19-cv-02699-DWF-TNL |
| v. | |
| Educational Credit Management Corporation (ECMC), Allied Interstate LLC, US Department of Education | **ANSWER OF DEFENDANT ALLIED INTERSTATE, LLC** |
| Defendants. | |

Defendant Allied Interstate, LLC ("Allied"), as and for its Answer to the Complaint of Plaintiff Virginia Marie Carlson ("Plaintiff"), denies each and every allegation set forth therein unless otherwise specifically admitted herein or otherwise qualified and states and alleges as follows:

## INTRODUCTION

In response to Plaintiff's Introduction, Allied denies that it acted improperly or otherwise harassed Plaintiff. Allied denies that it violated any law.

## PARTIES AND VENUE

1. Allied has insufficient information and knowledge to either admit or deny the remaining allegations set forth in paragraph 1 of the Complaint.

2. In response to paragraph 2 of the Complaint, Allied admits to the extent that Plaintiff has set forth Allied's mailing address, telephone number(s) and e-mail address. Allied has insufficient information and knowledge to either admit or deny the

remaining allegations set forth in paragraph 2 of the Complaint and therefore denies the same.

3. Allied has insufficient information and knowledge to either admit or deny the allegations set forth in second paragraph 2 of the Complaint.

4. Allied has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 3 of the Complaint and therefore denies the same.

5. Allied has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 4 of the Complaint and therefore denies the same.

6. Allied has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 5 of the Complaint and therefore denies the same.

**FACTS**

7. Allied denies the allegations set forth in the second paragraph 1 of the Complaint to the extent such information was provided by the creditor, not Allied Interstate.

8. Allied admits the allegations set forth in the third paragraph 2 of the Complaint, upon information and belief.

9. Allied admits the allegations set forth in the second paragraph 3 of the Complaint, upon information and belief.

10. Allied admits the allegations set forth in the third paragraph 3 of the Complaint to the extent that a letter was mailed on September 7, 2018, which speaks for itself. Allied has insufficient information and knowledge to either admit or deny the remaining allegations therein set forth and therefore denies the same.

11. Allied has insufficient information and knowledge to either admit or deny the allegations set forth in the second paragraph 4 of the Complaint.

12. Allied has insufficient information and knowledge to either admit or deny the allegations set forth in the second paragraph 5 of the Complaint.

13. Allied has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 6 of the Complaint and therefore denies the same.

14. Allied denies the allegations set forth in paragraph 7 of the Complaint.

15. Allied denies the allegations set forth in paragraph 8 of the Complaint.

16. Allied denies the allegations set forth in paragraph 9 of the Complaint.

17. Allied denies the allegations set forth in paragraph 10 of the Complaint.

18. Allied has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 11 of the Complaint and therefore denies the same.

19. Allied has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 12 of the Complaint and therefore denies the same.

20. Allied incorporates by reference its previous responses as if fully set forth herein.

21. Allied denies the allegations set forth in paragraph 14 of the Complaint.

22. Allied denies the allegations set forth in paragraph 15 of the Complaint.

23. Allied incorporates by reference its previous responses as if fully set forth herein.

24. Allied denies the allegations set forth in paragraph 17 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Any violation of the Fair Debt Collection Practices Act was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### FIFTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Allied denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability of Allied.

### SIXTH DEFENSE

Allied asserts that Plaintiff lacks standing.

### SEVENTH DEFENSE

Allied asserts that this Court lacks jurisdiction as to Plaintiff's claims.

### EIGHTH DEFENSE

Any technical violation of the Fair Debt Collection Practices Act was not material and therefore not actionable.

### NINTH DEFENSE

The Court lacks jurisdiction as to Allied due to insufficient service of process.

**WHEREFORE,** Allied prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1. Dismissing all causes of action against Allied with prejudice and on the merits; and,

2. Awarding Allied such other and further relief as the Court deems just and equitable.

Dated:  October 17, 2019                By: s/ Michael T. Etmund
                                        Michael T. Etmund, #338825
                                        **Attorneys for Defendant**
                                        **Allied Interstate, LLC**
                                        Moss & Barnett, PA
                                        150 South Fifth Street, Suite 1200
                                        Minneapolis, MN 55402
                                        Telephone:  (612) 877-5309
                                        Facsimile: (612) 877-5050
                                        Michael.Etmund@Lawmoss.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2019, a copy of the foregoing Answer of Allied Interstate LLC was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. I also hereby certiy that I caused a copy of the document to be served on the following non-ECF participants:

    Virginia Marie Carlson
    1161 East Wayzata Blvd., #154
    Wayzata, MN 55391

Dated: October 17, 2019                                        By: s/ Michael T. Etmund
                                                                        Michael T. Etmund