UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

Virginia Marie Carlson,

    Plaintiff,

v.

Educational Credit Management Corporation (ECMC), Allied Interstate, LLC, and U.S. Department of Education,

    Defendants.

_____

Case No. 0:19-cv-02699-DWF-TNL

# EDUCATIONAL CREDIT MANAGEMENT CORPORATION'S ANSWER TO COMPLAINT

Defendant Educational Credit Management Corporation, a Minnesota non-profit corporation ("ECMC"), for its Answer to the Complaint of Plaintiff, Virginia Marie Carlson ("Complaint" or "Plaintiff"), alleges and states as follows:

1. ECMC is a Minnesota nonprofit corporation acting as a Federal Family Education Loan Program ("FFELP") guaranty agency pursuant to the rules governing the Higher Education Act of 1965, as amended, 20 U.S.C. § 1-77 et. Seq. ECMC also provides specialized FFELP guaranty agency services to the U.S. Department of Education ("E.D.")

2. Except as expressly admitted, qualified, or explained herein, ECMC denies each and every allegation of the Complaint.

## PLAINTIFF'S INTRODUCTORY STATEMENT

3. As to Plaintiff's Introductory Statement in the Complaint, ECMC admits that Plaintiff owes ECMC a FFELP student loan debt. ECMC is currently without sufficient information to admit or deny the remaining allegations in the Introduction of the Complaint, and therefore denies the same and puts Plaintiff to her strict proof.

### PLAINTIFF'S PARTIES AND VENUE SECTION

4. ECMC is currently without sufficient knowledge or information to admit or deny the allegations in Paragraph 1 of the Parties and Venue section of the Complaint, and therefore denies the allegation.

5. ECMC admits paragraph 2 of the Parties and venue section of the Complaint to the extent that Allied Interstate was a collection agency on this loan. ECMC denies that Allied Interstate is currently acting as a collection agency for ECMC on this loan. ECMC is currently without sufficient knowledge or information to admit or deny the remaining allegations in the first paragraph 2 of the Parties and Venue section of the Complaint, and therefore denies the allegation and puts Plaintiff to her strict proof.

6. ECMC denies the allegations in the second paragraph 2 of the Parties and Venue section of the Complaint, as stated, and re-states and re-alleges the statement in paragraph 1 of this Answer.

7. ECMC denies paragraph 3 of the Parties and Venue section of the Complaint to the extent it characterizes the U.S. Department of Education as a debtor. ECMC is currently without sufficient knowledge to admit or deny the remainder of the allegations in paragraph 3.

8. ECMC denies paragraph 4 of the Parties and Venue section of the Complaint, as it relates to the state court.

9. ECMC denies paragraph 5 of the Parties and Venue section of the Complaint.

## PLAINTIFF'S FACTS SECTION

10. ECMC is currently without sufficient knowledge or information to admit or deny the allegations in paragraph 1 of the Facts section of the Complaint to the extent of what Allied Interstate told Plaintiff.

11. ECMC admits paragraph 2 of the Facts section of the Complaint to the extent that Plaintiff's student loan did go into default.

12. ECMC admits the first paragraph 3 of the Facts section of the Complaint to the extent that ECMC did become the FFELP guarantor and the holder of all right, title, and interest of Plaintiff's student loan.

13. ECMC is currently without sufficient knowledge or information to admit or deny the allegations in the second paragraph 3 of the Facts section of the Complaint, and therefore denies the same and puts Plaintiff to her strict proof.

14. ECMC is currently without sufficient knowledge or information to admit or deny the allegations in paragraph 4 of the Facts section of the Complaint, and therefore denies the same and puts Plaintiff to her strict proof.

15. ECMC is currently without sufficient knowledge or information to admit or deny the allegations in paragraph 5 of the Facts section of the Complaint, and therefore denies the same and puts Plaintiff to her strict proof.

16. ECMC denies paragraph 6 of the Facts section of the Complaint.

17. ECMC denies paragraph 7 of the Facts section of the Complaint.

18. ECMC denies paragraph 8 of the Facts section of the Complaint.

19. ECMC denies paragraph 9 of the Facts section of the Complaint.

20. ECMC denies paragraph 10 of the Facts section of the Complaint.

21. ECMC denies paragraph 11 of the Facts section of the Complaint.

22. ECMC denies paragraph 12 of the Facts section of the Complaint.

## PLAINTIFF'S COUNT I –DECLARATORY RELIEF

23. With respect to paragraph 13 of the Complaint, ECMC re-states and re-alleges its previous answers and responses, and incorporates them herein.

24. ECMC denies paragraph 14 of the Complaint.

25. ECMC denies paragraph 15 of the Complaint.

## PLAINTIFF'S COUNT II – INJUNCTIVE RELIEF

26. With respect to paragraph 16 of the Complaint, ECMC re-states and re-alleges its previous answer and response, and incorporates them herein.

27. ECMC denies paragraph 17 of the Complaint.

## PLAINTIFF'S PRAYER FOR RELIEF

28. ECMC denies that Plaintiff is entitled to any relief requested in Plaintiff's prayer for relief.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

As a separate, affirmative defense, ECMC alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

As a separate, affirmative defense, ECMC alleges that Plaintiff's Complaint, and all allegations contained therein, or portions thereof, are, or may be, barred by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

As a separate, affirmative defense, ECMC alleges that the FDCPA and/or the Minnesota Fair Debt Collections Practices Act ("MFDCPA") do not apply as against ECMC.

## FOURTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, ECMC alleges that it is not a "debt collector" within the meaning of the FDCPA and/or the MFDCPA.

## FIFTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, ECMC alleges that it is a student loan guaranty agency with a fiduciary duty to the United States Department of Education and is therefore not subject to the FDCPA and/or the MFDCPA.

## SIXTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, ECMC alleges that Plaintiff's claims against ECMC are exclusively governed by the Higher Education Act of 1965, 20 U.S.C. § 1071, et seq.

## SEVENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, ECMC alleges that Plaintiff's claims are an improper attempt to circumvent the Higher Education Act of 1965, which does not permit a private right of action against ECMC.

## EIGHTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, ECMC alleges that Plaintiff's claims are barred in part or in full by the terms and conditions of Plaintiff's student loan(s).

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's damages alleged in the Complaint were caused, or causally contributed to, by the comparative fault, negligence, negligence per se, assumption of the risk, and/or culpable conduct of Plaintiff and/or others, and the amount of damages, if any, that may be recovered by Plaintiff from ECMC must be diminished in the proportion that Plaintiff's own conduct, and/or the conduct of others, contributed to the cause of Plaintiff's alleged damages.

## TENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, ECMC alleges that Plaintiff's claims are, or may be, barred because the claimed injuries and damages, if any, were or may have been caused by the conduct of third parties, including, but not limited to, the prior, intervening, or superseding conduct of third parties.

## ELEVENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, ECMC alleges that it did not engage in any conduct that was intentional, knowing, willful, reckless, malicious, wanton or outrageous, and that ECMC at all times acted in good faith.

## TWELFTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, ECMC alleges that if it is assumed, *arguendo*, that ECMC violated a statute as alleged in Plaintiff's Complaint, which presupposition ECMC denies, such violation was not negligent nor intentional, and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to satisfy statutorily required preconditions before filing this action, including, but not limited to, exhausting administrative remedies.

## FOURTEENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, ECMC alleges that the Higher Education Act of 1965 (20 U.S.C. § 1071, et seq.) and/or other federal law preempts all or some of Plaintiff's claims.

## FIFTEENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, ECMC alleges that Plaintiff's claims are barred to the extent she lacks standing and/or jurisdiction to assert them.

## SIXTEENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, ECMC alleges that Plaintiff's claims may be barred by the doctrines of unclean hands, laches, res judicata, waiver and/or estoppel, or similar equitable doctrines.

## SEVENTEENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, ECMC alleges that any damages that Plaintiff

may recover against ECMC in this action must be offset against all amounts owed to ECMC.

## **EIGHTEENTH AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, ECMC alleges, to the extent that Plaintiff claims to have suffered damages, which is disputed by ECMC, Plaintiff has failed to mitigate any such claimed damages.

## **NINETEENTH AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, ECMC alleges that Plaintiff did not properly serve the summons and complaint upon ECMC, and any attempted service was insufficient.

## **DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, ECMC prays that Plaintiff's Complaint be dismissed with prejudice, for its attorneys' fees and costs incurred herein, and for such further relief as the Court deems just and equitable.

Respectfully submitted,

Dated: October 18, 2019

*s/ Michael E. Kreun*
Michael E. Kreun
MN Bar Number 0311650
Attorney for Educational Credit Management Corporation
ECMC Shared Services Company, LLC
111 Washington Avenue South, Suite 1400
Minneapolis, MN 55401
Telephone: (651) 325-3873
Fax: (800) 276-0366
mkreun@ecmc.org

# **CERTIFICATE OF SERVICE**

I hereby certify that on October 18, 2019, a copy of the foregoing Answer of Educational Credit Management Corporation was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system.

I also hereby certiy that I caused a copy of the document to be served on the following non-ECF participants:

Virginia Marie Carlson
1161 East Wayzata Blvd., #154
Wayzata, MN 55391

Dated: October 18, 2019　　　　　　　　　　By: s/ *Michael E. Kreun*
　　　　　　　　　　　　　　　　　　　　　　　Michael E. Kreun