# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Virginia Marie Carlson,

No. 19-cv-2699 (DWF/TNL)

Plaintiff,

v.

**REPORT
AND RECOMMENDATION**

Educational Credit Management Corporation Shared Services Company, LLC, et al.,

Defendants.

Virginia Marie Carlson, 1161 Wayzata Boulevard, Suite 154, Wayzata, MN 55391 (pro se Plaintiff);

A.L. Brown, Capitol City Law Group, LLC, 287 East Sixth Street, Suite 20, St. Paul, MN 55101 (for Defendant Educational Credit Management Corporation Shared Services Company, LLC); and

Andrew Tweeten, Assistant United States Attorney, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for Defendant U.S. Department of Education).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Defendant U.S. Department of Education's Motion to Dismiss (ECF No. 52) and Plaintiff's Motion for Final Default Judgment against Defendant ECMC. (ECF No. 71). These motions have been referred to the undersigned magistrate judge for a report and recommendation to the Honorable Donovan W. Frank, United States District Judge for the District of Minnesota, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. (ECF No. 3). Based on all the files, records, and proceedings herein, and for the reasons set forth

below, this Court recommends that the motion to dismiss be granted and the motion for default judgment be denied.

## I.    BACKGROUND

Plaintiff has filed a complaint seeking relief from the garnishment of her social security retirement benefits, which she alleges that Defendant U.S. Department of Education ("DOE") authorized in August 2019 in order to collect on "an alleged student loan debt from 1983 that has been paid – twice over[.]" (ECF No. 49, p. 4). Plaintiff has alleged the following causes of action: Accord and Satisfaction, Contributory Negligence, Estoppel, Fraud, and Illegality, and Failure of Consideration and Payment. She seeks an order prohibiting the collection of her student loan debt, discharge of debt, and damages. (ECF No. 49, pp. 10-11). Plaintiff filed her amended complaint on February 7, 2020. (ECF No. 49). Defendants were ordered to answer or otherwise respond to the amended complaint by February 28, 2020. (ECF No. 48). Defendant DOE moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

On May 21, 2020, having received no answer or responsive pleading from Defendant Educational Credit Management Corporation Shared Services Company LLC ("ECMC"), Plaintiff filed a request for entry of default. (ECF No. 60). ECMC answered the complaint the following day. Shortly after that, Plaintiff filed a notice of intent to obtain default judgment as to ECMC as well as an objection to ECMC's answer. Plaintiff then moved for default judgment (ECF No. 71), arguing that default judgment is appropriate because ECMC's answer was untimely. The Court took both motions under advisement without a hearing.

2

## II.    MOTION TO DISMISS

The DOE has moved for dismissal under Fed. R. Civ. P. 12(b)(6) and 12(b)(1). When determining a Rule 12(b)(1) motion, courts "must distinguish between a 'facial attack' and a 'factual attack' on jurisdiction." *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016) (quoting *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)). "In a facial attack, 'the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6).'" *Id*. "In a factual attack, the court considers matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards." *Id*.

In deciding a Rule 12(b)(6) motion, a court accepts as true all well-pleaded factual allegations and then determines "whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009). In doing so, the court must draw reasonable inferences in the plaintiff's favor. *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Sletten & Brettin Orthodontics v. Cont'l Cas. Co.*, 782 F.3d 931, 934 (8th Cir. 2015) (citation and internal quotations omitted). Facial plausibility of a claim exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Although a sufficient complaint need not be detailed, it must contain "[f]actual allegations . . . enough to raise a right to relief above the speculative level."

3

*Twombly*, 550 U.S. at 555 (citation omitted). Complaints are insufficient if they contain "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

In assessing a complaint by a *pro se* plaintiff, the court applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*) (quotation and citation omitted). "If the essence of an allegation is discernible," then the court, in applying a liberal construction to *pro se* complaints, "should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). Despite the liberal construal of such complaints, the *pro se* plaintiff "still must allege sufficient facts to support the claims advanced." *Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006) (quoting *Stone*, 364 F.3d 912, 914 (8th Cir. 2004)). Thus, *pro se* litigants "must set a claim forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law." *Id.* (quoting *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981)).

The United States enjoys sovereign immunity and cannot be sued without its consent. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "The defense of sovereign immunity is jurisdictional in nature, depriving courts of subject-matter jurisdiction where applicable." *Normandy Apartments, Ltd. v. United States Dep't of Housing & Urban Dev.*, 554 F.3d 1290, 1295 (10th Cir. 2009). "[A] party seeking to assert a claim against the government . . . must also point to a specific waiver of immunity in order to establish

4

jurisdiction." *Id.* In this case, Plaintiff has failed to plead facts showing the Court has subject matter jurisdiction over her claims.

Though the DOE, through the Higher Education Act of 1965, has provided a limited waiver of sovereign immunity, that waiver does not extend to claims for attachment, injunction, or garnishment. 20 U.S.C. § 1082(a)(2). And while a plaintiff may obtain declaratory relief under the Higher Education Act in certain cases, *see Thomas v. Bennett*, 856 F.2d 1165, 1168 (8th Cir. 1988), a plaintiff may not obtain declaratory relief "that functions as injunctive relief by another name." *Carr v. DeVos*, 369 F. Supp. 3d 554, 560 (S.D.N.Y. 2019).

In this case, the relief sought by Plaintiff is injunctive, even if it is not labeled as such. Plaintiff seeks to prevent the DOE from offsetting her Social Security benefits to collect on an allegedly defaulted student loan, either by declaring the debt to be satisfied or by prohibiting the DOE from collecting on the debt. In either case, the result would be the same: the DOE would be enjoined from exercising its authority to offset Plaintiff's Social Security benefits. *See Lockhart v. United States*, 546 U.S. 142, 144-45 (2005) (summarizing DOE's authority to offset Social Security benefits for outstanding student loan debt). Accordingly, Plaintiff's claims, to the extent she seeks injunctive or declaratory relief, are barred by the doctrine of sovereign immunity. The Court recommends that those claims be dismissed as to the DOE.

Plaintiff is correct that a party may seek injunctive or declaratory relief against the DOE if the DOE has taken actions that exceed its statutory authority. *See Jones v. U.S. Dep't of Educ.*, No. 09-cv-88, 2010 WL 10092765, at *7 (S.D.N.Y., Feb. 1, 2010). And

Plaintiff does allege in her response to the motion to dismiss that the DOE exceeded its statutory authority by failing to follow proper procedure before garnishing her benefits. But she did not make these allegations in her complaint, and the Court cannot consider allegations that are made for the first time in a memorandum opposing a motion to dismiss. *Guo v. IBM 401(k) Plus Plan*, 95 F. Supp. 3d 512, 526-27 (S.D.N.Y. 2015) (citation omitted). Furthermore, even if the Court were to consider those allegations, Plaintiff would still not have pled a plausible claim because she has not demonstrated that she exhausted her administrative remedies before filing suit. *See Reiter v. Cooper*, 507 U.S. 258, 269 (1993) (prohibiting party from obtaining judicial relief until party exhausted administrative remedies); *Ogunmokun v. Am. Educ. Servs./PHEAA*, No. 12-cv-4403, 2014 WL 4724707, at *4 (E.D.N.Y. Sept. 23, 2014) (requiring exhaustion for claim related to Higher Education Act). For both reasons, the Court cannot consider the new allegations raised in Plaintiff's memorandum opposing the motion to dismiss.

Plaintiff also claims to seek monetary damages. Though it is not clear if she seeks those damages directly from the DOE, to the extent that she does so, the Court must recommend that those claims be dismissed. A plaintiff may not maintain an action against the United States for monetary damages unless he or she can point to a statute that provides for such a remedy. *United States v. Testan*, 424 U.S. 392, 400-01 (1976). Plaintiff has identified no such statute here. Accordingly, the Court recommends her claims for monetary damages against the DOE be dismissed.

Finally, in Count II of the complaint, Plaintiff alleges a claim of contributory negligence. Because this is a tort claim, it is subject to the Federal Tort Claims Act. *See* 28

U.S.C. § 1346(b). Before bringing a tort claim against the United States, a party must allege facts showing that he or she presented the claim to the United States administratively. *See* 28 U.S.C. § 2675(a). Plaintiff has not done so here. The Court recommends that Count II of the complaint be dismissed as to the DOE for this reason as well.

## III.    MOTION FOR DEFAULT JUDGMENT

Plaintiff seeks default judgment against ECMC pursuant to Federal Rule of Civil Procedure 55, arguing that ECMC failed to respond timely to her amended pleading. The Court may enter default judgment against a party who fails to "plead or otherwise defend as provided by the [Federal Rules of Civil Procedure]." *Norsyn, Inc. v. Desai*, 351 F.3d 825, 828 (8th Cir. 2003) (citation omitted). Entry of default judgment should, however, be a rare judicial act and reserved only for those cases where there is "a clear record of delay or contumacious conduct." *Taylor v. City of Ballwin*, 859 F.2d 1330, 1332 (8th Cir. 1988) (citation omitted); *Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1009 (8th Cir. 1993).

The Court expects ECMC to be more diligent going forward. But this is not the rare case where default judgment is warranted. ECMC has not shown a pattern of delay or disregard for the Court's orders. It simply filed its answer to Plaintiff's amended complaint late. Default judgment "is not an appropriate sanction for a marginal failure to comply with time requirements." *Forsythe v. Hales*, 255 F.3d 487, 490 (8th Cir. 2001) (citation and internal quotation marks omitted). The Court therefore recommends the motion for default judgment be denied.

## IV.    RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY RECOMMENDED** that:

1. Defendant U.S. Department of Education's Motion to Dismiss (ECF No. 52) be **GRANTED** and that Plaintiff's claims against the DOE be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction; and

2. Plaintiff's Motion for Final Default Judgment Against Defendant ECMC (ECF No. 71) be **DENIED**.

Date: June 11, 2020                             *s/ Tony N. Leung*
                                                Tony N. Leung
                                                United States Magistrate Judge
                                                District of Minnesota

                                                *Carlson v. Educational Credit*
                                                *Management Corporation, et al*.
                                                No. 19-cv-2699 (DWF/TNL)

## **NOTICE**

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).