UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Virginia Marie Carlson,                                        Civil No. 19-2699 (DWF/TNL)

          Plaintiff,

v.                                                                          **ORDER**

Educational Credit Management
Corporation Shared Services Company,
LLC, Allied Interstate, LLC, and
U.S. Department of Education,

          Defendants.

The matter is before the Court upon *pro se* Plaintiff Virginia Marie Carlson's ("Plaintiff") objections (Doc. No. 80) to the Report and Recommendation of United States Magistrate Judge Tony N. Leung dated June 11, 2020 (Doc. No. 79) insofar as it recommends that (1) Defendant U.S. Department of Education's ("DOE") Motion to Dismiss be granted and that Plaintiff's claims against the DOE be dismissed without prejudice for lack of subject matter jurisdiction; and (2) Plaintiff's Motion for Final Default Judgment Against Defendant ECMC (Doc. No. 71) be denied.

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Plaintiff's objections.

In the Report and Recommendation, the Magistrate Judge explained that through the Higher Education Act of 1965, the DOE has provided a limited waiver of sovereign immunity, but that the waiver does not extend to claims for attachment, injunction, or garnishment.  The Magistrate Judge further explained that the relief sought by Plaintiff in this case is injunctive, even if not explicitly labeled as such.  In particular, Plaintiff seeks to prevent the DOE from offsetting her Social Security benefits to collect on an allegedly defaulted student loan.  Therefore, the Magistrate Judge concluded that Plaintiff's claims, to the extent that they seek injunctive or declaratory relief, are barred by the doctrine of sovereign immunity.  In addition, the Magistrate Judge acknowledged that Plaintiff may seek injunctive or declaratory relief against the DOE if the DOE has taken actions that exceed its statutory authority, but explained that such allegations are not in Plaintiff's complaint and therefore the Court cannot consider them.  Further, the Magistrate Judge concluded that even if the Court did consider such allegations, Plaintiff's claim fails for failure to exhaust administrative remedies.  As to Plaintiff's claim for monetary damages, the Magistrate Judge pointed out that Plaintiff has not identified a statute providing for such a remedy.  Finally, as to Plaintiff's claim of contributory negligence, the Magistrate Judge pointed out that as a tort claim subject to the Federal Torts Claim Act, it fails because Plaintiff did not present the claim to the United States administratively.

The Magistrate Judge also recommended that Plaintiff's motion for default judgment against defendant Educational Credit Management Corporation ("ECMC") be denied.  In doing so, the Magistrate Judge acknowledged that ECMC failed to timely respond to Plaintiff's amended complaint, but found that default judgment was an

inappropriate sanction considering ECMC has not shown a pattern of delay or disregard for Court orders.

Plaintiff objects to the Report and Recommendation.  Plaintiff argues that the dismissal of the DOE is premature, that the Court has jurisdiction, and that the DOE does not have immunity from suit because it waived sovereign immunity by removing the case to this Court.  Further, Plaintiff argues that default judgment should be granted against ECMC for failure to timely respond to Plaintiff's amended complaint.  On this point, however, named Defendant Educational Management Corporation Shared Services Company, LLC ("EMCSSC") points out that Plaintiff's Amended Complaint names it, not ECMC, as a defendant and asserts that Plaintiff never served it and that Plaintiff sought a default judgment against an entity for whom she failed to properly serve.

The Court has carefully reviewed the Report and Recommendation, Plaintiff's objections, and the defendants' arguments in response.  After that review, the Court finds no reason to depart from the Magistrate Judge's recommendations, which are both factually and legally correct.  Based upon the Court's *de novo* review of the record, the arguments and submissions of the parties, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1. Plaintiff's objections (Doc. No. [80]) to the Report and Recommendation of United States Magistrate Judge Tony N. Leung dated June 11, 2020 are **OVERRULED**.

2. Magistrate Judge Tony N. Leung's June 11, 2020 Report and Recommendation (Doc. No. [79]) is **ADOPTED**.

4

3. The Defendant U.S. Department of Education's ("DOE") Motion to Dismiss (Doc. No. [52]) is **GRANTED.**

4. Plaintiff's claims against the Defendant U.S. Department of Education ("DOE") are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

5. Plaintiff's Motion for Final Default Judgment (Doc. No. [71]) is **DENIED.**

Dated:  August 7, 2020                s/Donovan W. Frank
                                      DONOVAN W. FRANK
                                      United States District Judge