UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Virginia Marie Carlson, | Case No. 19-cv-2699 (DWF/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Educational Credit Management Corporation Shared Services Company, LLC (ECMC); | |
| Allied Interstate, LLC; and | |
| U.S. Department of Education (DOE),[1] | |
| Defendants. | |

Virginia Marie Carlson, 1161 East Wayzata Boulevard, #154, Wayzata, MN 55391 (pro se Plaintiff);

A.L. Brown, Capitol City Law Group, LLC, 287 East Sixth Street, Suite 20, St. Paul, MN 55101 (for Defendant Educational Credit Management Corporation Shared Services Company, LLC[2]); and

Michael T. Etmund, Moss & Barnett, PA, 150 South Fifth Street, Suite 1200, Minneapolis, MN 55402 (for Defendant Allied Interstate, LLC).

This matter is before the Court upon pro se Plaintiff Virginia Marie Carlson's

Motion to Compel ECMC Pre-Discovery Disclosure, ECF No. 87, and Defendant Allied

---

[1] Defendant U.S. Department of Education was previously dismissed from this litigation. *See generally Carlson v. Ed. Credit Mgmt. Corp. Shared Servs. Co., LLC*, No. 19-cv-2699 (DWF/TNL), 2020 U.S. District LEXIS 141604 (D. Minn. Aug. 7, 2020).

[2] For reasons that will become clear in a moment, *see infra* Section II, the Court does not abbreviate or shorten the title of named Defendant Educational Credit Management Corporation Shared Services Company, LLC or use the "(ECMC)" abbreviation contained in the Amended Complaint.

1

Interstate, LLC's ("Allied") Notice of Suggestion on Pendency of Bankruptcy for iQor Holdings Inc., Allied Interstate, LLC, et al., and Automatic Stay of Proceedings, ECF No. 96.

## I. NOTICE OF BANKRUPTCY

The filing of a bankruptcy petition triggers an automatic stay of, *inter alia*, the "continuation . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy case], or to recover a claim against the debtor that arose before the commencement of the [bankruptcy case]." 11 U.S.C. § 362(a)(1). Thus, Allied's bankruptcy filing triggers an automatic stay of Plaintiff's suit against it under the Bankruptcy Code.

"The automatic stay does not, in general, apply to actions against third parties." *In re Panther Mountain Land Dev., LLC*, 686 F.3d 916, 921 (8th Cir. 2012); *Sav–A–Trip, Inc. v. Belfort*, 164 F.3d 1137, 1139 (8th Cir. 1999) (holding that an automatic stay applicable to a defendant firm and one of its employees did not extend to nonbankrupt codefendants). "The only exception to this rule that any of the circuits recognize seems to relate only to nonbankrupt codefendants in 'unusual circumstances.'" *Croyden Assocs. v. Alleco, Inc.*, 969 F.2d 675, 677 (8th Cir. 1992) (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)); *see C.H. Robinson Co. v. Paris & Sons, Inc.*, 180 F. Supp. 2d 1002, 1015 (N.D. Iowa 2001) ("Eighth Circuit caselaw . . . is illustrative of a generalized reluctancy to expand the scope of the automatic stay provision of the Bankruptcy Code and to limit any expansion to truly extraordinary cases."). Notwithstanding the Bankruptcy Code, a federal district court has "the inherent power to stay the proceedings of an action, so as to control

[its] docket, to conserve judicial resources, and to provide for the just determination of cases which pend before [it]." *Armstrong v. Mille Lacs Cnty. Sheriff's Dept.*, 112 F. Supp. 2d 840, 843 (D. Minn. 2000) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)).

As alleged in the Amended Complaint, the actions of Defendants Educational Credit Management Corporation Shared Services Company, LLC and Allied are significantly intertwined with each other. *See, e.g.*, Am. Compl. at 1-2, 5-6, ECF No. 49. Plaintiff alleges that Educational Credit Management Corporation Shared Services Company, LLC "hold[s] the 'note'" for certain student loan debt Plaintiff contends was previously paid off. Am. Compl. at 2, 4-5. Plaintiff further alleges that Educational Credit Management Corporation Shared Services Company, LLC has engaged the services of Allied, who is attempting wrongfully to collect on that debt on Educational Credit Management Corporation Shared Services Company, LLC's behalf. Am. Compl. at 1, 5-6. Recognizing that Plaintiff is proceeding pro se, the manner in which Plaintiff has pled her claims makes it difficult to tell which, if any, of the claims are asserted against Educational Credit Management Corporation Shared Services Company, LLC independently of Allied as all counts in the Amended Complaint appear to be either asserted against all defendants collectively or name both Educational Credit Management Corporation Shared Services Company, LLC and Allied. Because Plaintiff's suit against Allied cannot proceed by reason of the automatic bankruptcy stay, the Court finds that Plaintiff's suit against Educational Credit Management Corporation Shared Services Company, LLC should not proceed at this time either so as to avoid duplicative proceedings and expenses and piecemeal resolution of this dispute. Accordingly, judicial economy warrants a stay of

Plaintiff's suit in its entirety with one limited exception.[3] *See infra* Section II.  **In light of the stay, the settlement conference set for November 6, 2020, ECF No. 94, is stricken.**

To ensure this matter does not become stale, Allied shall submit a status letter to the Court every three months to apprise the Court of the current status of Allied's bankruptcy case and its effect on this proceeding beginning February 1, 2021.

## II. MOTION TO COMPEL

The Court does find that a limited exception to the stay is appropriate to resolve Plaintiff's motion to compel.  The discovery at issue only relates to Educational Credit Management Corporation Shared Services Company, LLC.  It would not require discovery from Allied.  The discovery dispute between Plaintiff and Educational Credit Management Corporation Shared Services Company, LLC will have no impact on Allied. Therefore, the Court finds it appropriate to address Plaintiff's motion.

Plaintiff moves to compel Educational Credit Management Corporation Shared Services Company, LLC to provide "proper" initial disclosures reflecting who is "the current holder of the alleged 'promissory note' . . . that is the subject of this matter."  Pl's Mot. at 1, ECF No. 87; *see* Pl.'s Mem. in Supp. at 1, 7-8, ECF No. 88.  As best as this Court is able to tell, Plaintiff contends Educational Credit Management Corporation Shared Services Company, LLC "has made an unsubstantiated claim that [she] has named the wrong [d]efendant" and submitted fraudulent initial disclosures.  Pl.'s Mem. in Supp. at 2;

---

[3] Further, for reasons discussed in the next section, it appears that Plaintiff may have named the wrong party.

4

*see generally* Pl.'s Mem. in Supp; Pl.'s Reply, ECF No. 98; Pl.'s Supp. Reply, ECF No. 100.[4]

When Plaintiff commenced this action, she named Educational Credit Management Corporation as a defendant. *See, e.g.*, Compl. at 1, ECF No. 1-1; *see also* Ed. Credit Mgmt. Corp. Shared Servs. Co., LLC's Resp. to Objection at 1, ECF No. 81. Educational Credit Management Corporation answered the Complaint and stated that it "did become the [Federal Family Education Loan Program] guarantor and the holder of all right, title, and interest of [sic] Plaintiff's student loan." Ed. Credit Mgmt. Corp.'s Answer ¶ 12, ECF No. 6. To this extent, Plaintiff is correct that Educational Credit Management Corporation admitted that "it is the current hold of the alleged 'promissory note.'" Pl.'s Mem. in Supp. at 2.

Plaintiff was subsequently permitted to file an Amended Complaint. *See generally* ECF No. 48. In the Amended Complaint, Plaintiff named Educational Credit Management Corporation Shared Services Company, LLC as a defendant,[5] *not* Educational Credit Management Corporation. Am. Compl. at 1-2; *see* Ed. Credit Mgmt. Corp. Shared Servs.

---

[4] In light of Plaintiff's pro se status, the Court has exercised its discretion to consider Plaintiff's replies. Local Rule 7.1(b)(3) provides that, "[e]xcept with the court's prior permission, a party must not file a reply memorandum in support of a nondispositive motion." *See also* D. Minn. LR 7.4(b)(4)(A)(iii) (listing "discovery-related motions" as nondispositive motions). Plaintiff is cautioned that her pro se status does not excuse her from following the Federal Rules of Civil Procedure and Local Rules of this Court. *See Bennett v. Dr. Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) (pro se status does not entitle litigant to disregard Federal Rules of Civil Procedure or court's local rules); *Oprenchak v. Am. Family Mut. Ins. Co.*, No. 11-cv-425 (PJS/TNL), 2012 WL 1247216, at *15 (D. Minn. Mar. 26, 2012) ("Plaintiff's pro se status does not excuse him from following the Federal Rules of Civil Procedure and Local Rules of this Court."), *report and recommendation adopted*, 2012 WL 1253011 (D. Minn. Apr. 13, 2012). Both the Federal Rules of Civil Procedure and the Court's Local Rules are available under the "Representing Yourself" tab of the Court's website, www.mnd.uscourts.gov.

[5] Educational Credit Management Corporation Shared Services Company, LLC may not be this defendant's proper name either. *See* ECF No. 100-1 at 1 n.1 ("The Plaintiff has named Educational Credit Management [Corporation] Shared Services Company, LLC, as a defendant, but technically the name of the corporation is *ECMC* Shared Services Company, LLC.") (emphasis added).

Co., LLC's Resp. to Objection at 2 ("But her Amended Complaint was different in an important way—it changed the parties; the original Complaint named [Educational Credit Management Corporation] but the Amended Complaint named a different corporate entity altogether—Educational Credit Management [Corporation] Shared Services Company, LLC."). The Amended Complaint is the operative pleading in this matter and Educational Credit Management Corporation is not named as a defendant. Educational Credit Management Corporation is *no longer a party to this litigation*. *See Barnes v. United States*, 111 F. App'x 441, 443 (8th Cir. 2004) ("[T]he district court did not err in finding that the Discovery Channel Defendants had been dismissed from the suit by virtue of their absence from Barnes's Amended Complaint."); *see also, e.g.*, *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) ("It is well-established that an amended complaint supercedes [sic] an original complaint and renders the original complaint without legal effect.").

To its credit, Educational Credit Management Corporation Shared Services Company, LLC has attempted to make this point clear to Plaintiff. From the outset, Educational Credit Management Corporation Shared Services Company, LLC has emphasized that "it does not purport to hold the loan in dispute." *See, e.g.*, Ed. Credit Mmgt. Corp. Shared Servs. Co., LLC's Answer ¶¶ 1, 4, ECF No. 67; *see also* Rule 26(f) Report at 4 ("Further, Educational Credit Management Corporation Shared Services denies that it is a proper party."). Educational Credit Management Corporation Shared Services Company, LLC advised Plaintiff similarly in a telephone call on August 24, 2020, Pl.'s Mem. in Supp. at 2; in a letter to the Court on September 19, 2020, ECF No. 97 at 1; and

in its initial disclosures, ECF No. 100-1 at 1-2. Even the documents Plaintiff attached to her Amended Complaint reference Educational Credit Management Corporation and list that entity as the creditor, *not* Educational Credit Management Corporation Shared Services Company, LLC. *See, e.g.*, ECF No. 49-1 at 1, 6, 11, 13.

As an officer of the Court, *see* Fed. R. Civ. P. 11(b); Minn. R. Prof. Conduct 3.3(a), counsel for Educational Credit Management Corporation Shared Services Company, LLC has represented that "[t]he corporate affiliate of Educational Credit Management Corporation Shared Services that holds the loan at issue is Educational Credit Management Corporation, which is a Minnesota Corporation with its principal place of business in Minnesota (not Educational Credit Management Corporation *Shared Services*)." ECF No. 97 at 1. Counsel has further represented that "Texas Guaranteed Student Loan Corporation, another guarantor within the Federal Family Education Loan Program, transferred the loan, which has been reduced to a judgment, to Educational Credit Management Corporation on September 23, 2009." ECF No. 97 at 1-2.

Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure requires a party to disclose the following without waiting for a discovery request:

> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (ii) a copy--or a description by category and location-- of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

7

>    (iii) a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and
>
>    (iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

In relevant part, Educational Credit Management Corporation Shared Services Company, LLC reiterated in its initial disclosures that "[t]he proper party is Educational Credit Management Corporation." ECF No. 100-1 at 1. Educational Credit Management Corporation Shared Services Company, LLC emphasized that "[t]he information that will ultimately be used to defend the case is found in documents that are held by a custodian of records for Educational Credit Management Corporation, not Educational Credit Management Shared Services Company, LLC," and "Educational Credit Management Corporation Shared Services Company, LLC does not possess any documents related to this case." ECF No. 100-1 at 1.

Plaintiff's frustration and confusion about the relationship between Educational Credit Management Corporation and Educational Credit Management Corporation Shared Services Company, LLC is understandable. Indeed, it would appear that this is not the first time these entities have been mistaken for each other. *See, e.g.*, *Dennis v. U.S. Dep't of Ed.*, Civil Action No. DKC 19-2064, 2019 WL 5735760 (D. Md. Nov. 5, 2019) (granting

Educational Credit Management Corporation's motion to intervene as defendant and real party in interest and defendant ECMC Shared Services Company's motion to dismiss misjoined party and for joinder of real party in interest, and dismissing ECMC Shared Services Company). There is, however, nothing improper about Educational Credit Management Corporation Shared Services Company, LLC's initial disclosures.

Out of an abundance of caution, however, the Court will grant Plaintiff's motion in part and direct Educational Credit Management Corporation Shared Services Company, LLC to supplement its initial disclosures, to the extent it has not done so already, to include the information contained in the third paragraph of counsel's September 19, 2020 letter to the Court. *See* ECF No. 97 at 1-2. Plaintiff's motion is otherwise denied.[6]

### III.  *PRO SE* PROJECT REFERRAL

By separate correspondence, the Court will also be referring Plaintiff to the *Pro Se* Project, a program operated by the Minnesota Chapter of the Federal Bar Association. The *Pro Se* Project has a panel of volunteer lawyers who can often assist pro se litigants. The *Pro Se* Project may be able to assist Plaintiff in determining whether she has named the proper defendant(s) in this case and her options in light of Allied's pending bankruptcy. *Plaintiff should bear in mind that while one of the Pro Se Project's volunteer lawyers may agree to represent her, there is no requirement that a volunteer lawyer do so or that any lawyer be appointed to assist her.*

---

[6] To the extent Plaintiff's motion can be construed as seeking reconsideration of the district court's order adopting the recommendation of the undersigned and denying Plaintiff's motion for default, this request is not properly before the Court. *See* D. Minn. LR 7.1(i) (motion to reconsider).

## IV. ORDER

Based on the foregoing and all of the files, record, and proceedings herein, **IT IS HEREBY ORDERED** as follows:

1. This proceeding is **STAYED** until further order of the Court, with the exception described herein.

2. In light of the stay, the settlement conference set for November 6, 2020, ECF No. 94, is **STRICKEN**.

3. Beginning February 1, 2021, Allied shall submit a status letter to the Court every three months to apprise the Court of the current status of Allied's bankruptcy case and its effect on this proceeding.

4. Plaintiff's Motion to Compel ECMC Pre-Discovery Disclosure, ECF No. 87, is **GRANTED IN PART** and **DENIED IN PART** as set forth herein.

5. **Within 14 days from the date of this Order**, Educational Credit Management Corporation Shared Services Company, LLC shall, to the extent it has not done so already, supplement its initial disclosures to include the information contained in the third paragraph of counsel's September 19, 2020 letter. *See* ECF No. 97 at 1-2.

6. By separate correspondence, the Court will be referring Plaintiff to the *Pro Se* Project.

[Continued on next page.]

7. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: October  28 , 2020

*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Carlson v. Educational Credit Management Corporation Shared Services Company, LLC (ECMC) et al.*
Case No. 19-cv-2699 (DWF/TNL)